UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Eugene Leitenantas, | ) | Bankruptcy No. 09-46712 |
| aka Eugenijus Leitenantas, | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| | ) | Judge John Squires |
| Anthony Stelmokas | ) | |
| Plaintiff. | ) | |
| | ) | Adversary No. |
| vs. | ) | |
| | ) | |
| Eugene Leitenantas | ) | |
| aka Eugenijus Leitenantas, | ) | |
| Defendant. | ) | |



**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 111 U.S.C. §523**

Plaintiff, Anthony Stelmokas, a creditor and party in interest in the above referenced bankruptcy case, files this Complaint to Determine Dischargeability of Debt Under 11 U.S.C.§523 (the "Complaint"), and in support thereof respectfully represents to the Court as follows:

I. Jurisdiction

1. This court has jurisdiction over the subject matter of this Complaint as a core proceeding pursuant to the provisions of 28 U.S.C.§§1334 and 157(b)(2)(1) and 11 U.S.C.§523 since this is a proceeding to determine the dischargeability of a particular debt.

2. This court has fixed March 22, 2010 as the last day to file a Complaint to Object to Discharge of Debtor Under 11 U.S.C.§524 and to Determine Dischargeability of Debt Under 11 U.S.C.§523. This Complaint, therefore, has been timely filed.

II. Parties

3. Eugene Leitenantas aka Eugenijus Leitenantas filed a Voluntary Petition for Relief under Chapter 7 of title 11 of the United States Code(the "Code") in this court on December 10, 2009.

4. The Debtor may be served, pursuant to FRBP 7004(b)(1), by mailing a copy of the Summons and Complaint to 9S758 William Dr., Willowbrook, Il. 60527, which address constitutes either the Debtor's dwelling house or usual place of abode. This address is taken off Debtor's B9A Notice of Bankruptcy Petition as being their present dwelling house address.

II. Operative Facts

5. Plaintiff is a creditor of the debtor with claims in excess of $32,000. Plaintiff's claims against the debtor are evidenced by:

   a. On or about 12-1-07 plaintiff cashed a check no. 6767 as tendered by defendant payable to Arnas Construction and indorsed by defendant in amount $10,598. Copy of check is attached as Exhibit "A".
   b. On or about 3-15-08 plaintiff cashed a check no. 3177 as tendered by defendant payable to Arnas Construction and indorsed by defendant in amount $10,000. Copy of check is attached as Exhibit "B".
   c. On or about 3-22-08, plaintiff cashed a check no. 3178 as tendered by defendant payable to Arnas Construction and indorsed by defendant in amount $11,091. Copy of check is attached as Exhibit "C".
   d. In each of the above transactions, the terms of negotiation between plaintiff and defendant were that the subject checks be held exactly 1 week before depositing same into plaintiff's account. A service charge of 2% of face value of check was taken for the one week hold.

6. Following several extensions of time holding the checks, plaintiff deposited same into his bank accounts whereupon they were returned unpaid by the drawee bank for insufficient funds. No payments have been received on the dishonored checks.

7. Defendant personally indorsed the aforementioned 3 checks doing business as Arnas Construction, Inc.

8. On information and belief, there exists unity of interest between Arnas Construction, Inc. and defendant for the entry of an order piercing the corporate veil for one or more of the following reasons:

   1. Defendant failed to maintain adequate corporate records and failed to comply with corporate formalities;
   2. There was commingling of funds or assets;
   3. The corporation was undercapitalized; and
   4. Defendant treated the assets of the corporation as his own.

9. Defendant obtained said cash advances in the three (3) instances through representations which the defendant either knew to be false or made with such reckless disregard for the truth as constitues a willful misrepresentation.

10. Debtor did not intend to repay nor was in a position to repay the sums owed within the time frame negotiated initially, or extensions thereof.

11. Plaintiff relied on the false representations and the reliance was reasonable.

IV. Violation of 11 U.S.C. §523(a)(2)(A)

12. The Debtor, through false pretneses, false representations, and/or actual fraud, acted to induce Plaintiff to enter into the cash advance/loan agreement heretofore described for valuable consideration, and in the absence of the false pretense, false representations, and/or actual fraud by the debtor, plaintiff would not have entered into the said agreement and incurred the losses attributable to the debtor.

13. Teh debtor's conduct violates 11 U.S.C. §523(a)(2)(A), and therefore, the debtor's indebtedness to Anthony Stelmokas constitutes a nondischargeable debt.

V. Requested Relief

1. Order that debtor's indebtedness to plaintiff constitutes a nondischargeable debt pursuant to 11 U.S.C.§523 (a)(2)(A);
2. Grant a nondischargeable judgment in favor of plaintiff against the debtor plus prejudgment and postjudgment interest as provided by law, reasonable attorney fees, costs and expenses; and
3. Grant plaintiff such other and further relief to which plaintiff may be justly entitled.

Respectfully submitted,

_____
Anthony Stelmokas, pro se

Anthony Stelmokas
2548 West 69th St.
Chicago, Il. 60629
773 476-0404



*07/17/2008*
0000000000000

This is a LEGAL COPY of your check. You can use it the same way you would use the original check.

RETURN REASON-A
NOT SUFFICIENT
FUNDS

*20280001*
*15516*
*1*
*02233*

Timberview, Inc.
P.O. Box 289
S. Elgin, IL 60177

Cash or 12/08 Rc. 2°°

6767
DATE 11-30-07
70-7156/2719

PAY TO THE ORDER OF ARNAS CONST.    $10,598.00

TEN ~~FIVE~~ NINETY EIGHT + 00/100 ———— DOLLARS

MidAmerica Bank
95TH & HOLMES • CLARENDON HILLS, ILLINOIS 60514

MEMO 61 HW, WHITE HOUSE

⑆271971560⑆    592929818⑈    ⑈000 1059800⑈

NSF

Exhibit "A"

**TIMBERVIEW, INC.**
P.O. BOX 289
SOUTH ELGIN, IL 60177
(847) 464-0870

**MIDAMERICA BANK**
ELGIN, ILLINOIS 60123
70-7156-2719

3177

3/10/2008

PAY TO THE ORDER OF   Amas Construction, Inc.   $ ***10,000.00

Ten Thousand and 00/100*********   DOLLARS

Amas Construction, Inc.
9S758 Williams Dr.
Hinsdale, Il 670521

MEMO  Received 03/15 Re. 2%

⑴003177⑴ ⑴:271971560⑴: 592929818⑴

NSF

⑴003177⑴ 4:271971560⑴:   592929818⑴  ⑴0001000000⑴

Other out the
Eugene Leikauskas

↓ Do not endorse or write below this line ↓

Exhibit "B"

Exhibit "C"

This is a photographic facsimile of the original item which was endorsed by the undersigned and reported lost, stolen or destroyed while in the regular course of bank collection. All prior and any missing endorsements and the validity of this facsimile are hereby guaranteed, and upon payment hereof in lieu of the original item. The undersigned will hold you, the payor bank harmless for the amount of this photocopy, provided the original item is unpaid and payment is stopped thereon.

Bank of America, N.A., Dallas, Texas

AUTHORIZED SIGNATURE - DOMESTIC COLLECTIONS 089-L1

PRESIDENT

Anthony Stelnicki
# 2878018034

TIMBERVIEW, INC.
P.O. BOX 289
SOUTH ELGIN, IL 60177
(847) 464-0870

MIDAMERICA BANK
ELGIN, ILLINOIS 60123
70-7156-2719

3/10/2008

PAY TO THE ORDER OF   Arnas Construction, Inc.                    $ ***11,091.00

Eleven Thousand Ninety-One and 00/100************************************

Arnas Construction, Inc.
9S758 Williams Dr.
Hinsdale, Il 670521

MEMO  3-22, rec 2%

⑈003178⑈ ⑆271971560⑆ 592929818⑈