# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 09-46712 |
| EUGENE LEITENANTAS ) | |
| ) | Adversary No. 10-00379 |
| ) | |
| Debtor. ) | Chapter 7 |
| ) | |
| ) | |
| ANTHONY STELMOKAS ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| EUGENE LEITENANTAS ) | |
| ) | |
| Defendant. ) | |

## ANSWER TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523

NOW COMES EUGENE LEITENANTAS, by and through his attorney, Saulius Modestas, and in support states as follows:

1. This court has jurisdiction over the subject matter of this complaint as a core proceeding pursuant to the provisions of 28 U.S.C. §1334 and 157(b)(2)(1) and 11 U.S.C. § 523 since this is a proceeding to determine the dischargeability of a particular debt.

**Defendant admits to the allegations in paragraph #1.**

2. This court has fixed March 22, 2010 as the last day to file a Complaint to Object to the Discharge of Debtor under U.S.C. §524 and to Determine Dischargeability of Debt under U.S.C. §523. This Complaint, therefore, has been timely filed.

**Defendant admits to the allegations in paragraph #2.**

3. EUGENE LEITENANTAS filed a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Code (the "Code") in this court on December 10, 2009.

**Defendant admits to the allegations in paragraph #3.**

  4. The Debtor may be served, pursuant to Fed. R. Bankr. P. 7004(b)(1), by mailing a copy of the Summons and Complaint to 9S758 William Drive, Willowbrook, Illinois 60527 which constitutes either the Debtor's dwelling house or usual place of abode or the place which the Debtor regularly conducts a business or profession. This address is taken off of debtor's B9 A Notice of Bankruptcy Petition as being their present dwelling house address.

  **Defendant denies service was proper as it is believed service was executed by ANTHONY STELMOKAS, Pro Se Plaintiff. He is a party and only a non-party over 18 years old may serve a Summons.  Furthermore, Defendant brought the unopened envelope from Plaintiff to counsel, who, upon opening discovered only a summons and no Complaint.**

  5. Plaintiff is a creditor of Debtor with claims in excess of $32,000. Plaintiff's claims against the Debtor are evidenced by:

  **Defendant admits Plaintiff's claim was listed as disputed.**

  a. On or about 12-1-07, plaintiff cashed a check no. 6767 as tendered by Defendant payable to Arnas Construction and indorsed by defendant in amount $10,959. Copy of check attached as Exhibit A.

  **Defendant admits tendering the check to Plaintiff and that he indorsed on behalf of Arnas but denies the check was cashed in that amount by Plaintiff and demands proof of same.**

  b. On or about 3-15-08, plaintiff cashed a check no. 3177 as tendered by Defendant payable to Arnas Construction and indorsed by defendant in amount $10,000. Copy of check attached as Exhibit B.

  **Defendant admits tendering the check to Plaintiff and that he indorsed on behalf of Arnas.**

  c. On or about 3-22-08, plaintiff cashed a check no. 3178 as tendered by Defendant payable to Arnas Construction and indorsed by defendant in amount $11,091. Copy of check attached as Exhibit C.

  **Defendant admits tendering the check to Plaintiff and that he indorsed on behalf of Arnas.**

  d. In each of the above transactions, the terms of negotiation between plaintiff and defendant were that the subject checks be held exactly 1 week before

depositing same into plaintiff's account. A service charge of 2% of face value of check was taken for one week hold.

   **Defendant denies the allegations.**

  6. Following several extensions of time holding the checks, plaintiff deposited same into his bank accounts whereupon they were returned unpaid by the drawee bank for insufficient funds. No payments have been received on the dishonored checks.

   **Defendant admits the Timberview checks were returned unpaid but denies Plaintiff received no payments on the checks.**

  7. Defendant personally indorsed the aforementioned 3 checks doing business as Arnas Construction, Inc.

   **Defendant admits indorsing the checks on behalf of Arnas.**

  8. On information and belief, there exists unity of interest between Arnas Construction, Inc. and defendant for the entry of an order piercing the corporate veil for one or more of the following reasons:

   **Defendant denies the allegations.**

   1. Defendant failed to maintain adequate corporate records and failed to comply with corporate formalities;

   **Defendant denies the allegations.**

   2. There was commingling of funds or assets;

   **Defendant denies the allegations.**

   3. The corporation was undercapitalized;

   **Defendant denies the allegations.**

   4. Defendant treated the assets of the company as his own.

   **Defendant denies the allegations.**

  9. Defendant obtained said cash advances in the three (3) instances through representations which the defendant either knew to be false or made with such reckless disregard for the truth as constitutes a willful misrepresentation.

   **Defendant denies the allegations.**

  10. Debtor did not intend to repay nor was in a position to repay the sums owed within the time frame negotiated initially, or extensions thereof.

   **Defendant denies the allegations.**

11. Plaintiff relied on the false representations and the reliance was reasonable.

**Defendant denies the allegations.**

12. The Debtor, through false pretenses, false representations, and/or actual fraud acted to induce Plaintiff to enter into the cash advance/loan agreement for valuable consideration, and in the absence of the false pretense, false representations, and/or actual fraud by the Debtor, Plaintiff would not have entered into said agreement and incurred the losses attributable to Debtor.

**Defendant denies the allegations.**

13. The debtor's conduct violates 11 U.S.C. §523(a)(2)(A), and therefore, the debtor's indebtedness to Anthony Stelmokas constitutes a nondischargeable debt.

**Defendant denies the allegations.**

WHEREFORE, EUGENE LEITENANTAS, prays this Honorable Court enter an order declaring the debt dischargeable and grant such other relief as may be deemed necessary and just.

Respectfully submitted,

EUGENE LEITENANTAS, Defendant

/s/ Saulius V. Modestas
SAULIUS V. MODESTAS, ARDC #6278054
One of Defendant's Attorneys

Modestas Law Offices
25 E. Washington St., Ste. 1804
Chicago, IL 60602
A.R.D.C. No. 6278054
(312) 251-4460